IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Gbeke M. Awala,
Plaintiff

v.

U.S. ATTOREY'S OFFICE
DELAWARE, et al.
Defendants.

Civ. No. 07-110



FILED
07 MAR 22 2007
SUE L. ROBINSON
U.S. DISTRICT JUDGE
BD scanned

## MOTION FOR RECONSIDERATION

AND COMES NOW, the Plaintiff, Gbeke M. Awala, appearing In Prose, respectfully moves the Honorable Sue L. Robinson, Chief Judge for an order and leave to proceed in forma pauperis on the basis that the Courts parties had not Consented to Delegation of power to Magistrate under Federal Magistrate Act 28 U.S.C. sec. 636 et seq, when district judge refers case to Magistrate Judge Mary Pat Thynge without Consent of parties, there should be no final disposition either as a result of jury verdicts in trial before magistrate or by Magistrate himself. See Wimmer v. Cook (1985, W.Va) 774. 2d. 68. See Court order 3/13/07.

Plaintiff further alleges the need to Correct manifest error of law and to present newly discovered evidence alleging Constitutional violation In the body of the Defendants

Misconducts. Furthermore, Plaintiff did not want to circumvent the "three strikes" rule. However, the motion must be reconsidered by the Court on the basis of the merits of the following claims and leave to amend the Pleading originally filed in the matter to cure the deficiencies in the First Pleading. More so, Plaintiff respectfully urge the Court to grant Leave to proceed in forma pauperis on the basis that he is under Imminent danger of Physical Injury at the time of the Complaint. Thus, the Court should liberally Interpret the decision in Abdul-Akbar v Mckelvie, 239 F.3d 307, 311 (3d Cir. 2001); Furthermore, the Court should reasonably construe 28 U.S.C. Sec. 1915(g). See Hadix v. Johnson, (1998), 144 F.3d 925, 1998 FED App 149P held Prison Litigation Reform Act's automatic stay provisions, construed to permit Courts to excercise their Inherent equitable powers, does not give rise to unConstitutional Incursion by Congress Into powers reserved for Judiciary.

In the Instant Case, Congress had vested power to the Judiciary in all Cases to which the Court may authorize both persons barred under the "three strikes" provisions and other permitted persons to proceed Without Contravening any statutory Construction authorizing the Court to take Caution of persons limited under the three strikes Rule, for abrogating such permission. Whereas the Court in Hadix (Supra) described this Court has having broaden distinction and sole power to regulate the provisions of 28 U.S.C. Sec 1915. et seq.

Therefore, the practice of permitting Plaintiff to proceed In forma pauperis pendency of this action against the defendants, have granted the Court under well-established

Principles to do so. Thus, the Court is respectfully urged to gra the permission to proceed in forma pauperis.

In Support thereof avers:

(a) Plaintiff alleges in this case not premised on a respondeat Superior theory. Proof shows that there is sufficient personal Involvement of the three Individual defendants at the U.S. Attorney's office for the District of Delaware; Similarly, the Top Administrator or U.S. Attorney Colm F. Connolly had actual or constructive notice of the alleged Constitutional violations concerning Invidious-racial discrimination In his official Capacity that resulted in serious Constitutional violation against Gbeke M. Awala, herein Plaintiff and he failed to adequately eliminate the violations. See Murray v. Koehler, 734 F.Supp. 605, 607 (S.D.N.Y. 1990);

Furthermore, the Court should grant the permission to proceed to the merits of the claim so that Plaintiff Can properly establish Liability of Named Defendants. Plaintiff Can establish the Casual link between the discriminatory acts and each of the named defendants. See Relying on Rizzo v. Goode, 423 U.S. 362, 46 L.Ed.2d 561, 96 S.Ct. 598 (1976), unlike the Monell v. Department of Social Service of City of New York, 436 U.S. 658, 56 L.Ed.2d 611, 98 S.Ct. 2018 (1978) 'stands for the principle that §1983 Liability will not attach vicariously by virtue of defendants' relationship with the actual wrongdoer. See also. Arthur v. Nyquist, 573 F.2d 134, 139 (2d Cir.).

In the Instant Case, Plaintiff Can show each Individual and official Conducts of the named defendants that will well-establish, both principles that the defendants own Conducts and Involvements are shown and how the Plaintiff

suffered injury. This Court will not hesitate to find U.S. Attorney Colm F. Connolly's affirmance of the result of the unconstitutional proceeding under 8 U.S.C. § 1326 created the requisite personal involvement to support Sec. 1983 liability, as its own conduct that caused the harm suffered by Plaintiff. Furthermore, Plaintiff alleges that liability is established not because of acts of subordinates, but because of the defendants' own conduct. Specifically, liability is imposed for 'gross negligence' and deliberate indifference to the Constitutional rights of Plaintiff as alleged under 8 U.S.C. Sec. 1401(a) 'persons born in the United States and subject to the jurisdiction thereof are Citizens of the United States.

Furthermore, as plaintiff as indicated to the Court based on the knowledge of Plaintiff's Right under the Florida Statutes, 382.01956 issuance of Birth Certificate, by impeding Plaintiff, their knowledge, in the former appearance by Assistant U.S. Attorney Beth Moskow-Schnoll and appearance by Assistant U.S. Attorney Ilana Eisenstein, that they jointly participated and perpetrated unconstitutional practices to impose discriminatory of statute and salad or blatant racism that pervades the equal protection clause of the Fourteenth Amendment, through their conduct and their failure to correct the Conduct on the basis of information submitted by plaintiff, constitute the requisite personal involvement. See United States v. Ayala, 04-Cr-901 KAJ/SLR. (D.Del. 2006). The U.S. Attorney Colm F. Connolly, District of Delaware and his subordinates executive team are ultimately responsible for their practices and procedures that are implemented under the direction of the U.S. Attorney's office District of Delaware as a Division of the Attorney General and the Department of Justice, concerning prosecution and Citizenship program assignments. Furthermore, plaintiff argues that they are responsible for these practices which constitutes sufficient personal involvement to impose liability on them.

4.

See William v. Smith, 781 F.2d 319 (2d. 1986). See also Garrido v. Coughlin, 716 F.Supp. 98, 101 (S.D.N.Y. 1989).

In light of the evidence against them, defendants had a duty to investigate the Department of Homeland Security, U.S. Citizenship and Immigration Service, Baltimore, Maryland and Immigration and Customs Enforcement, Philadelphia and take steps to correct any Constitutional violations perpetrated by the Government Agents who stole Plaintiff's birth and family portraits, See Eng v. Coughlin, 684 F.Supp. 56, 65-66 (S.D.N.Y. 1988). Moreover they were guilty of hypocrisy. See also Imbler, 424 U.S. 409 (1976).

Plaintiff further alleges Defendants as a whole are all charged with the knowledge of the Constitutional violation that occurred over a period of three years and in this Court, nevertheless, allowed such a policy and custom to continue constitute the requisite personal involvement and subjects defendants to liability under Sec. 1983 of Title 42 and Sec. 1981 of the same. See William v. Smith (supra). 781 F.2d. at 323. Furthermore, defendants are liable for their gross negligence in "managing" subordinates who perpetrated the discriminatory Customs Enforcing U.S. Citizenship at birth under 8 U.S.C. § 1401(a).

Plaintiff further alleges affirmance to the remarks and warning against suits as noted in United States v. Mitchell, 445 U.S. 535 (1980); United States v. Testen, 424 U.S. 392 (1976)? "held Sovereign Immunity bars Lawsuits against the Defendants unless Defendants has specifically waived that Immunity and Consented."

Furthermore, Plaintiff alleges in the Context of the practices challenged and defendants unconstitutional efforts to defeat him a relief under the Florida Statue and State Circuit Court. See Florida Supreme Court in a case derived from 1.280. GENERAL PROVISIONS GOVERNING DISCOVERY,

5.

In Elkin v. Syken, 672 So.2d 517 (Fla. 1996), see also Allstate Insurance Co. v. Boecher, 733 So.2d 993, 999 (Fla. 1999), had its not intended to place a blanket bar on discovery from parties about information they have in their possession about the expert, including the party's information with custodian.

In the state of the matter, here plaintiff received several annoyance, embarrassment and undue expenses opinion from Beth, in the action that I be released to appear before the Florida authorities as follows:

Jackson Memorial Hospital
1611 N.W. 12 Ave
Miami, FL 33136

Florida Vital Statistics
1217 Pearl Street
Jacksonville, FL 32233

Governor's Office
400 S. Monroe St.,
Tallahassee, FL 32377 ..... Id.

"The defendants while still permitting the adverse effect, plaintiff was unable to obtain relevant information about his birth in Miami, Florida in May 17, 1971, to Mama Dorcas C. Brown and Papa. Moses Hime Auala, Furthermore, plaintiff received a blanket bar to his Birth Records and was potentially biased on the interested documents entertained by Government Agents mentioned above. Thus, the information released to Beth, was not based on specialized knowledge or in the interest of an expert witness pursuant to Rule 702 of the Federal Rule of Evidence and Rule 803(9). See also Miami v. Florida Public Service Commission, 226 So.2d 21

6.

(Fla. 1969); IBM V. Elder, 187 So. 2d 82 (Fla 3d DCA 1966); held it is intended that the Court review each objection and weigh the need for discovery and the likely results of it against the right of privacy of the party or witness or Custodian. Concluding here that Defendant held a gulf between plaintiff Gbeke M. Awala and Kenneth T. Jones, Florida Department of Health, herein Defendants.

Furthermore, having been harmed and injured by the Defendants disregarding this variance. See MOSES v. US, 166 U.S. 571 (1897)(quoting Nash v. Towne, 5 Wall. 689, 698). Mr. Justice Clifford, stated "It has been held that very slight difference were sufficient to constitute a fatal variance."

In the instant case; Defendants knows Case may be transferred from one inferior tribunal to another. See Stat v. Laurel (1803) 5 U.S. 299; see also, Freeman v. Lane, (7th) 1992, 962 F.2d. 1252. held State Court and lower federal Courts have Same responsibility and occupy Same position. Moreover, Defendants have knowledge State Court of Florida might provide more convenience forum, because the Constitution and laws passed pursuant to family matters are much laws in State, notwithstanding, Supremacy clause; they failed, thus waived their immunity and Consented to the suit, Allowing such a policy and custom to continue under U.S. Attorney's office for the District of Delaware.

Furthermore, The Supreme Court and Federal Courts have reaffirmed the principles that a State agency may be sued in his official capacity if the plaintiff merely seeks injunctive or prospective relief of a legally cognizable federal claim. See Will v. Michigan Dept of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311 n.10. (1989). Finally, Kenneth Jones must issue my Birth Certificate. WHEREFORE, for the foregoing reason the Court should grant the leave to amend and proceed in forma pauper Submitted under 28 U.S.C. 1746.

Dated 3/18/07.

7.

Respectfully Submitted
Gbeke M. Awala
No. 82014-054.

# CERTIFICATE OF SERVICE

I hereby Certify I am this date serving a Copy of the Motion For Reconsideration In the above Captioned matter upon the following persons In the manner Indicated below:

Service by USPS mail addressed as follows:

1. Beth E. Moskow-Schnoll, Esquire
   United States Department of Justice
   United States Attorney's Office
   Nemours Building
   1007 North Orange Street, Suite 700
   P.O. Box 2046
   Wilmington, Delaware 19899-2046.

Dated 3/18/07

Respectfully Submitted

Gbeke M. Awala,
No. 82074-054
Moshannon Valley Correctional Center
P.O. Box 2000
Philipsburg PA 16866

1-1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| GBEKE M. AWALA | CIVIL ACTION NO. 3:07CV160  SEC P |
| VERSUS | JUDGE JAMES |
| CIRCUIT JUDGE BARKSDALE, ET AL | MAGISTRATE JUDGE HAYES |

### MEMORANDUM ORDER

The attached application to proceed *in forma pauperis* having been considered,

IT IS ORDERED that petitioner be allowed to proceed in forma pauperis in this action.

IT IS ORDERED UNDER 28 U.S.C. § 1915(b) that the sum of **$13.46** be paid as an initial partial filing fee and that this fee be forwarded to the **Clerk of Court, 300 Fannin Street, Shreveport, LA 71101-3083**, by the Sheriff, Warden, or authorized prison official when funds exist in the inmate's prisoner account.

IT IS FURTHER ORDERED THAT, after payment of the initial filing fee, plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to his account until the $350.00 filing fee is fully paid to this Court. The Sheriff, Warden or authorized prison official shall forward such payment to the **Clerk of Court, 300 Fannin Street, Suite 1167, Shreveport, LA 71101-3083**, EACH TIME The amount in the inmate's account exceeds $10.00 until the balance of the $350.00 filing fee is paid in full.

IT IS ALSO ORDERED THAT, if plaintiff is transferred to another facility or released from custody, the plaintiff shall notify the Court of his new facility or forwarding address.

THUS DONE March 6, 2007

*[signature]*
ROBERT H. SHEMWELL
UNITED STATES MAGISTRATE JUDGE

COPY SENT:FINANCIAL/ACCOUNTS OFFICER/PLAINTIFF

# Supreme Court of Florida

TUESDAY, FEBRUARY 20, 2007

CASE NO.: SC07-276
Lower Tribunal No.: 3D06-2624

**GBEKE MICHAEL AWALA**  vs.  **FLORIDA DEPARTMENT OF HEALTH**

Petitioner(s)    Respondent(s)

The notice of appeal has been treated as a notice to invoke discretionary jurisdiction. Petitioner is allowed to and including March 7, 2007, in which to serve the initial brief on jurisdiction. Respondent shall have twenty days after service of petitioner's initial brief on jurisdiction in which to serve the answer brief on jurisdiction.

Per this Court's Administrative Order In Re: Mandatory Submission of Electronic Copies of Documents, AOSC04-84, dated September 13, 2004, counsel are directed to transmit a copy of all briefs in an electronic format as required by the provisions of that order.

A True Copy
Test:

*Thomas D. Hall*
Thomas D. Hall
Clerk, Supreme Court

th
Served:

HON. ANA M. VIAMONTE
GBEKE MICHAEL AWALA
THOMAS D. KOCH

# PETITION FOR DELAYED BIRTH CERTIFICATE

In the Circuit Court
State of Florida
County of __DADE__          File Number _____

Petitioner respectfully says that:

No birth certificate has been file for him or her and as evidence thereof, petitioner has attached an official statement to that effect from the official custodian of the birth records of the state of __Florida__ being the State of his or her birth.

Petitioner's full name is __MICHAEL__ (First) __GBEKE__ (Middle) __AWALA__ (Surname – Maiden, if female)

__MALE__ (Sex). His or her residence is __3601 N.W. 210 Terrace__ (Street Address) __(Old Address)__ (City), Florida.

He or she was born on __MAY__ (Month) __17__ (Day) __1971__ (Year)

at __CARROLL__ (City or Town) __MIAMI-DADE__ (County) __(State)__ __FLA__

That petitioner's father's name was (or is) __MOSES__ (First) __HIME__ (Middle) __AWALA__ (Last)

birthplace of father __PARIS, FRANCE, SOUTH-EUROPE__ (State for country if not in the U.S.)

Maiden name of mother __DORCAS__ (First) __CARLLENDAR__ (Middle) __BROWN__ (Last – Maiden)

birthplace of mother __ST. THOMAS, U.S. VIRGIN ISLAND__ (State for country if not in the U.S.)

Date of marriage of parents __On/or around 1970__

and petitioner prays that an order be entered by this court, certifying such facts.

(Signature) _____

If not signed by petitioner, state relationship to petitioner _____

Subscribed and sworn to before me this __13__ day of __October__, 20__05__

(Notary Signature) _____

(Printed Name of Notary) _____

NOTARIAL SEAL
Winston E. Freeman, Notary Public
Philadelphia, Philadelphia County
My commission expires October 22, 2007

Personally Known __✓__ OR Produced Identification _____
Type of Identification Produced __Federal ID__

(Seal)

As corroboration of the petitioner's sworn statement of the facts of birth, there may be presented the following documents including but not limited to:

Military Service Record.
Census Record.
School Record.
Application for Insurance Policy.
Affidavit from the attending Physician or Midwife.
Application for Marriage License.
Birth Certificate of Petitioner's Child.

*Please read before completing this form*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
U.S. COURTHOUSE
INDEPENDENCE MALL WEST
601 MARKET STREET
PHILADELPHIA, PA. 19106-1797

Dear Petitioner:

GBEKE MICHAEL AWALA
82074-054
POST OFFICE BOX 2000
PHILIPSBURG, PA 16866

This will acknowledge receipt of the following documents:

_____X_____ 42 U.S.C. §1983 Civil Rights Complaint

_____ 28 U.S.C. §2254 Habeas Corpus Petition

_____ 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct Sentence

_____ 28 U.S.C. §2241 Habeas Corpus Petition

_____ Writ of Mandamus

_____ Federal Question

_____ Copy of Receipt for payment of filing fee.

The Case number assigned is :   07-741

The Caption is as follows: **AWALA v. NBC NEWS et al**

You will be advised of any further action and/or disposition.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14048-Civ-Martinez
MAGISTRATE JUDGE P.A. WHITE

Awala, Gabeke M.,              :

    Plaintiff,             :      ORDER PERMITTING PLAINTIFF TO
                                    PROCEED WITHOUT PREPAYMENT OF
v.                             :      FILING FEE BUT ESTABLISHING
                                    DEBT TO CLERK OF $350.00
Florida Governer Jeb Bush,     :
et al.,       Defendant(s).
                              :

The pro se plaintiff in this case has not paid the Clerk's filing fee of $350.00, but has filed a motion to proceed in forma pauperis with supporting financial affidavit and inmate bank statement.

On April 26, 1996, 28 U.S.C. §1915(a) was amended in part to provide that:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

The six month account statement is needed because pursuant to 28 U.S.C. §1915(b), as amended April 26, 1996, if a prisoner brings a civil action in forma pauperis, the prisoner must be required to

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED

MAR 0 1 2007

CHARLES R. FULBRUGE III
CLERK

IN RE:

The Complaint of Gbeke M. Awala Against United States Circuit Judge Rhesa H. Barksdale Under the Judicial Improvements Act of 2002.

Docket Number: 07-05-351-0037

ORDER

Gbeke M. Awala, a *pro se* litigant, complains that United States Circuit Judge Rhesa H. Barksdale unfairly dismissed his petition and erroneously construed his petition for rehearing en banc as a motion for reconsideration. He also submits that the judge issued the mandate prematurely.

The complaint relates directly to the merits of the judge's decisions, and is therefore subject to dismissal under 28 U.S.C. § 352(b)(1)(A)(ii).

Judicial misconduct proceedings are not a substitute for the normal appellate review process, nor may they be used to obtain reversal of a decision or a new trial.

The complaint is DISMISSED.

Edith H. Jones
Chief Judge

February 26, 2007

OFFICE OF THE CLERK

**MARCIA M. WALDRON**  **U**NITED **S**TATES **C**OURT OF **A**PPEALS  TELEPHONE
CLERK    FOR THE THIRD CIRCUIT    215-597-2995
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790
Website: http://www.ca3.uscourts.gov

## NOTICE

IN RE: Awala v Stretton

no. 07-1626

Enclosed please find case opening information regarding the above-entitled appeal. **Our public website address is:  http://www.ca3.uscourts.gov. This website will provide you with valuable information with respect to this case, including the docket. It is suggested that, if the Internet is available to you, you become familiar with the website and the information it can provide you prior to calling the Clerk's Office.**

All written requests should be directed to the case manager listed below, at the above address. **Please be sure to include the four digit extension on the zip code.** All telephone inquires should be directed through our automated information system at 215-597-2995. For case management information, please press 1. If you have a question about briefs or appendices press 3 or, if you have a question with regard to the calendaring of cases, oral argument or video argument, please press 5.

In the event our automated system does not provide you with an answer to your inquiry, please contact the case manager listed below by dialing seven and the four digit extension number.

CASE MANAGER: Chanel Graham

TELEPHONE: 267-299-4955

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GBEKE M. AWALA, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-0043-JEC |
| JUDGE MARCUS, 11th Circuit, et al., | : | |
| Defendants. | : | |

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 07 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

### ORDER

Plaintiff has submitted the instant civil action without submitting the $350.00 filing fee, and this Court finds that he is not entitled to proceed in forma pauperis. According to 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action in federal court in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The records of the federal courts indicate that Plaintiff has filed at least three previous civil actions while a prisoner, which were dismissed as frivolous pursuant to 28 U.S.C. § 1915. Plaintiff's prior prisoner complaints that were dismissed as frivolous include the following: Awala v. Federal Public Defender, Civil Case No.

AO 72A
(Rev.8/82)



United States Department of State

Washington, D.C. 20520

September 29, 2005

Gbeke M. Awala
No. 82074-054
FDC Philadelphia
P.O. Box 562
Philadelphia, PA 19105

Dear Mr. Awala:

    We are recently in receipt of your letter of September 3, 2005. It appears that you are inquiring about the restoration of your U.S. citizenship under Section 324(d) of the Immigration and Nationality Act.

    Before we make any determinations in your case, we would like to receive some more information from you. Namely, we would like to receive your full name and your date and place of birth. Additionally, we would need to know whether one of your parents was a U.S. citizen at the time of your birth, and when you believe your U.S. citizenship was lost. All this information will allow us to confirm your records and will help establish whether you are entitled to U.S. citizenship. Please send the appropriate information to:

CA/OCS/PRI
SA-29 4th Floor
US Department of State
Washington, DC 20520

    We hope that this information is helpful to you.

Sincerely,

Office of Policy Review and Interagency Liaison
Bureau of Consular Affairs