IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 07-110-SLR |
| ) | |
| U. S. ATTORNEY'S OFFICE ) | |
| DELAWARE, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

The plaintiff, Gbeke Awala ("Awala"), filed a civil rights action pursuant to 42 U.S.C. § 1983 without prepayment of the filing fee. On March 13, 2007, the U.S. Magistrate Judge entered an order denying plaintiff's application for leave to proceed in forma pauperis because plaintiff had three prior suits dismissed as frivolous or for failure to state a claim upon which relief may be granted, and the instant complaint does not allege an imminent threat of physical injury. (D.I. 6) A motion for reconsideration was also denied. (D.I. 8) The court has concerns denial of a motion to proceed in forma pauperis is the equivalent of an involuntary dismissal and outside the scope of a magistrate judge's authority. See Lister v. Department of the Treasury, 408 F.3d 1309 (10th Cir. 2005).

THEREFORE, at Wilmington this 25th day of May, 2007, IT IS HEREBY ORDERED that the March 13, 2007 order (D.I. 6) denying plaintiff's application to proceed in forma pauperis and the May 10, 2007 order (D.I. 8) denying the motion for reconsideration are **vacated**.

IT IS FURTHER ORDERED that:

1. Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is **denied** (D.I. 1) and plaintiff's motion for reconsideration is **denied** as moot (D.I. 7). According to the records of the Federal Courts, while a prisoner the plaintiff has filed at least twenty civil actions in various federal courts. See Awala v. Delta Air Lines, No. 1:05-CV-2128-JEC (N.D.Ga. Aug. 31, 2005). More than three of these cases were dismissed as frivolous or for failure to state a claim upon which relief may be granted, as follows: Awala v. New Jersey Dep't of Corr., No. 05-4899 (3d Cir. Jan. 31, 2007); Awala v. Regional Office Bureau of Prisons, No. 05-5169 (3d Cir. June 5, 2006); Awala v. Federal Pub. Defender, No. 05-4341 (3d Cir. Apr. 21, 2006); Awala v. Wachovia Corp., No. 05-3381 (3d. Cir. Dec. 8, 2005); Awala v. People Who Want to Restrict Our First Amendment Rights, No. 05-3863 (3d Cir. Dec. 8, 2005); Awala v. 8 U.S.C. § 1326, Civ. No. 06-012-KAJ (D. Del. Mar. 17, 2006); Awala v. U.S. Congress, Civ. No. 05-307-KAJ (D. Del. Dec. 15, 2005); Awala v. Delaware River and Bay Auth. Police Dep't, No. 05-97-KAJ (D. Del. Dec. 15, 2005); Awala v. State of New Jersey Dep't of Corrections, No. Civ.A. 05-2362FLW (D.N.J. Aug. 23, 2005); Awala v. Federal Pub. Defender, No. 05-CV-281-KAJ (D. Del. Aug. 5, 2005).

2. The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie,

239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard.

IT IS FURTHER ORDERED that Awala is given thirty (30) days from the date of this order to pay the $350.00 filing fee. If he does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

                                             _____
                                             UNITED STATES DISTRICT JUDGE