IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-110-SLR |
| | ) |
| U. S. ATTORNEY'S OFFICE | ) |
| DELAWARE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 17th day of July, 2007, having reviewed plaintiff's second motion for reconsideration and motion for judicially issued letters rogatory;

IT IS ORDERED that the motion (D.I. 10) is denied, for the reasons that follow:

1. **Background**. Plaintiff Gbeke Michael Awala is a pro se litigant incarcerated at USP Canaan, Waymart, Pennsylvania. He is a frequent filer in this district. Plaintiff filed this action pursuant to 42 U.S.C. § 1983, without prepayment of any filing fee. Plaintiff was denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 because, in the past, he has filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim, and because his complaint did not allege imminent danger of serious physical injury. (D.I. 6) On March 13, 2007, he was ordered to pay the $350 filing fee within thirty days or the complaint would be dismissed. Id. Rather than pay the filing fee, plaintiff filed a motion for reconsideration of the "three strikes" order, which was denied. (D.I. 7)

2. On May 30, 2007, the court vacated the March 13, 2007 order and, once again, denied plaintiff's motion for leave to proceed in forma pauperis. (D.I. 9) Plaintiff

was given thirty days to pay the $350.00 filing fee or face dismissal. Id. As is his modus operandi, plaintiff filed a motion for reconsideration rather than pay the filing fee. (D.I. 10)

3. **Standard of Review.** The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

4. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D. Pa.1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F.Supp. at 1241(citations omitted); See also D. Del. LR 7.1.5.

5. **Discussion.** Plaintiff argues he has met the "stringent standard for in forma

pauperis based on 'imminent danger of physical injury'" at the time the complaint was filed. He intertwines this with the standard for reconsideration and argues there is the "availability of newly discovered evidence." (D.I. 10) Plaintiff uses the correct "buzz words", but does not explain what imminent physical danger to which he refers. The court thoroughly reviewed the complaint and finds no indication of imminent danger of serious physical injury at the time of the filing of the complaint. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (after filing three or more lawsuits while incarcerated dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, inmate may not file another civil action in forma pauperis while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint.").

6. Plaintiff does not argue there was an intervening change in the controlling law or the availability of new evidence that was not available when the May 30, 2007 order was issued. He argues the court should have known he cannot pay the filing fee. Additionally, in filing the motion for reconsideration he attempts to obtain new evidence through the issuance of letters rogatory through the Hague Convention.

7. Finally, the court notes the complaint appears to attempt an attack on plaintiff's criminal conviction in United States v. Awala, 04-CR-090-SLR. Plaintiff filed a direct appeal of the case and it is currently pending before the United States Court of Appeals for the Third Circuit, United States v. Awala, No. 06-2718. To the extent plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). Furthermore, a plaintiff cannot recover

under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 312 U.S. 477, 487 (1994). Here, plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by Heck. Indeed, his direct appeal is pending before the appellate court. To the extent plaintiff seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

8. The law has not changed and there is no new evidence. Most important, after reviewing the complaint and plaintiff's pending motion, there is no need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion will be denied.

9. **Conclusion.** For the reasons stated, the motion for reconsideration (D.I. 10) is **denied**. Plaintiff is given an additional thirty (30) days from the date of this order to pay the $350.00 filing fee. If he does not pay the filing fee within that time, the case shall be dismissed pursuant to 28 U.S.C. § 1915(g).

*[signature]*
UNITED STATES DISTRICT JUDGE