IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GBEKE MICHAEL AWALA, ) | |
| Plaintiff, ) | |
| ) | Civ. No.: 07-110-SLR |
| v. ) | |
| U.S. ATTORNEY'S OFFICE ) | |
| District of Delaware, et al. ) | |
| Defendants. ) | |

FILED AUG 15 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

## NOTICE OF APPEAL

AND COMES the Plaintiff Gbeke M. Awala, hereby appeals the convulsive judgment of the deans of theives alleged above. The erroneous judgment was entered by the District Judge Sue L. Robinson, consequences of one showing antagonistic and favoritism towards the Defendants U.S. Attorney's Office, District of Delaware, known as a price winner in lack of fair play, and due administration of Justice. The self-exonerative order dismissing the complaint was entered on July 17, 2007. In support thereof avers:

(a) The order dismissing the complaint based upon 28 U.S.C. Section 1915, and its "three strikes," was not a rule of law that could easily reconciled with fundamental constitutional principles found embodied in the Due Process Clause of the fifth Amendment; and

(b) The order is repugnant to the intent of the original drafters of the aforementioned statute, without any judicial imposed showing of a reason without reasoning to improbably resort to "three strikes," without having any reasonable authority other than some

Congressional failed principles used by the Judiciary to deprive, enchroach human rights; and

(c) The order was clearly erroneous, and does not even explain any intellectual connection that may presumtively outweight the substances of the claims presented for adjudication; and

(d) While this Judicial Female antagonistic inordinate Officer rest her decision on demerits, it is critical that the moral face of this court and the civil law is diluted by a standard of proof that leaves real people such as I in doubt whether innocent men such as I are been condemned under animals in Judges robs.

It is well settled that a citizen may not contest the policies of prosecuting authorities when he himself is neither beign prosecuted nor threatened with prosecution. See Linda R.S. v. Richard, 410 U.S. 614, 93 S. Ct. 1146, 35 L. Ed. 2d 536(1973).

In the present case, where integral parts of these judicial process, unlawfully insulate these prosecutors from well founded theft, perjury, assault, abuse of position of trust, desire to winning rather than justice, deflection of the truth, and ultimate harmful to the Fourteenth Amendment Rights Section 1. "All persons born in the United States are citizen of the United States and the States wherein they reside," this court in conducting its analysis with intent to confer unconstitutional safeguard against these prosecutors, based on the status of these defendants, with intent to intimidate the plaintiff and harass the same, did not inquire into the closely related complaint which may blossom into potential prosecution of Beth Moschow Schnoll, AUSA Delaware, so because this court viewed all of them as Family members of the court, personal friends, boy friends, girl friends, injected quasi-judicial relationship, thus, circumvent the role

of the judiciary. The Court has not recognized that the presumption of innocence requires that the accused be acquitted as long as the government has not proved every element of the offense beyond a reasonable doubt, without any requirement that the accused offer evidence (or indeed lift a finger) in his defense. See Mullaney v. Wilbur, 421 U.S. 684 (1975); See also Taylor v. Kentucky, 436 U.S. 478(1978); See also In re Winship, 397 U.S. 358(1970).

   Moreover, as it is unequivocal and apparent that my life is 'threatened, my liberty interest is in play, my property interest' is concern, which is capable of defeating the principles articulated in Joseph v. Patterson, 795 F.2d 549 (6th Cir. 1986)(quoting Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128(1976), held that prosecutors enjoyed absolute immunity from action with respect to their issuing complaints and arrest warrants and subsequent prosecution. In contrary, plaintiff reasonably believes the defendants has brought disrepute into the office of U.S. Attorney, they have employed unqualified agents, women and men, and festish attorney's, [perjurers], to pervert the cause of righteousness in this business, thus, with such actions as well as other actions already pleaded in this complaint, a waiver of protection is clear and consent to sue them including there households are established.

WHEREFORE, the plaintiff wants an immediate entry on record, the clerk must transfer the original records need not mutilate the records, as a normal practice in this court, before the case proceeds to the Third Cir..chambers of injustice.

-3-

Submitted under 28 U.S.C. Section 1746.

Dated 8/10, 2007.

*(signature)*
GBEKE MICHAEL AWALA
No. 82074-054
U.S. Penitentiary Canaan
P.O. Box 300
Waymart, PA 18472

cc; Beth Moschow Schnoll
    (AUSA-Delaware).

-4-

